**MUSICK, PEELER & GARRETT LLP**

333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Michael F. Klein (State Bar No. 166011)
 *m.klein@musickpeeler.com*
Daniel J. Taylor (State Bar No. 241404)
 *d.taylor@musickpeeler.com*

Attorneys for Plaintiffs
PAUL HUYGENS, as Trustee for the TB 42 Trust dated 11/13/2023; and PETER KRAVITZ, as Trustee for the Kravitz Asset Protection Trust

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUYGENS, as Trustee for the TB 42 Trust dated 11/13/2023; and PETER KRAVITZ, as Trustee for the Kravitz Asset Protection Trust, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTWOOD WEALTH MANAGEMENT, a California Corporation; WESTWOOD ALPHA OPPORTUNITY FUND, LP, a Delaware Limited Partnership; MICHAEL PURYEAR, an individual; CRAIG ROWEN, an individual, and LPL FINANCIAL LLC, a Delaware Limited Liability Company, <br><br> Defendants. | Case No. 2:26−cv−03241 SB (AJRx) <br><br><br> **JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN** |

**Required List of Dates**
Original Complaint: March 26, 2026
Responsive Pleading(s): July 26, 2026
Trial (Proposed): November 8, 2027

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, and this Court's MSC Order, Plaintiffs PAUL HUYGENS, as Trustee for the TB 42 Trust dated 11/13/2023; and PETER KRAVITZ, as Trustee for the Kravitz Asset Protection Trust (collectively, "Plaintiffs") and Defendants WESTWOOD WEALTH MANAGEMENT, WESTWOOD ALPHA OPPORTUNITY FUND LP, MICHAEL PURYEAR, CRAIG ROWEN, and LPL FINANCIAL LLC ("LPL") (collectively "Defendants"), collectively referred to as "Parties," hereby submit the following Joint Rule 26(f) Report.

## 1.     <u>Subject Matter Jurisdiction.</u>

Plaintiff alleges that this court has jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants as detailed below:

- Plaintiff Paul Huygens is an individual and a citizen of Nevada
- Plaintiff Peter Kravitz is an individual and a citizen of Nevada
- Defendant Westwood Alpha Opportunity Fund, LP (the "Fund") is a Delaware limited partnership with its principal place of business in Los Angeles, California.
- Defendant Westwood Wealth Management ("WW") is a California corporation with its principal place of business in Los Angeles, California.

**MUSICK, PEELER & GARRETT LLP**

5415765.1

1

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

- Defendant Michael Puryear is an individual residing in Los Angeles County, California.
- Defendant Craig Rowen is an individual residing in Los Angeles County, California.
- Defendant LPL Financial LLC ('LPL') is a Delaware limited liability company with its principal place of business in San Diego, California.

The parties agree that federal jurisdiction exists.

2. **Statement of the Case.**

Plaintiffs allege that in late 2023 and early 2024, the defendants (except for LPL) solicited and received $1.0 million from each plaintiff to invest what was described as a low-leverage, capital-preserving, "risk-managed" hedge fund. Plaintiffs allege that, unbeknownst to them, the Fund was instead running a risky, leveraged strategy with roughly $30 million in exposure against only $5.4 million in capital. Plaintiffs allege that defendants withheld a completed 2023 audit for nearly two years, blocking plaintiffs from exercising contractual quarterly redemption rights. When financials were finally produced in October 2025, Huygens' account had declined more than 98% in two quarters.

Separately, Puryear is alleged to have caused an unauthorized $65,000 advisory fee withdrawal from Huygens LPL account, which plaintiffs allege that LPL facilitated even after its own counsel acknowledged it was improper.

The complaint asserts eight causes of action: (1) securities fraud under Exchange Act Section 10(b) and Rule 10b-5, with controlling-person liability against Rowen under Section 20(a); (2) breach of contract for failure to deliver timely audited financials under the LPA; (3) breach of the implied covenant of good faith and fair dealing under Delaware law for obstructing redemption rights; (4) fraudulent concealment; (5) fraudulent misrepresentation — both fraud counts seeking punitive damages; (6) breach of fiduciary duty under Delaware law for reckless investing and withholding disclosures; (7) breach of the advisory agreement

**MUSICK, PEELER & GARRETT LLP**

5415765.1

2

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

against Puryear and LPL for the unauthorized fee withdrawal; and (8) breach of fiduciary duty against LPL as custodian. Plaintiffs seek compensatory damages, disgorgement, a full accounting, punitive damages, and attorneys' fees.

Defendants deny all allegations in the Complaint and deny that Plaintiffs have suffered any damages.

The Plaintiffs filed their Complaint on March 26, 2026. The Defendants will file their responsive pleading by July 24, 2026, pursuant to the Court's order on the Parties' extension request. Dkt. No. 21.

**3.** **Damages/Insurance.**

a. Damages.

b. Plaintiffs: Two million dollars ($2,000,000) in Plaintiff's lost investment. $65,000 in fees wrongfully charged by LPL.  Punitive damages.

c. Insurance. Only LPL Financial does have insurance coverage.

**4.** **Parties, Evidence, etc.**

A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

- List of Parties
  - Plaintiff Paul Huygens
  - Plaintiff Peter Kravitz
  - Defendant Westwood Alpha Opportunity Fund, LP (the "Fund")
  - Defendant Westwood Wealth Management ("WW")
  - Defendant Michael Puryear
  - Defendant Craig Rowen
  - Defendant LPL Financial LLC ('LPL')
- Percipient witnesses
  - Berkower LLC
  - Spicer Jeffries

MUSICK, PEELER
& GARRETT LLP

5415765.1

3

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

- o Yulish & Associates
- o Caselli Fund Services
- o Jones Trading Institutional Services LLC
- o Pershing LLC
- o Macias Gini & O'Connell LLP
- o Essential Fund Services International, LLC

- Key documents:

  Plaintiffs identify the following key documents believed to be in possession of the Parties:

  - o Email correspondence between the parties regarding the Fund.
  - o Westwood Alpha Fund LPA
  - o Westwood Fund Offering Memorandum
  - o Westwood Fund Presentations
  - o Westwood Fund Brochures, Form CRS, Fund Information
  - o Subscription Agreements and related documents
  - o Quarterly Capital Account Statements
  - o 2023 & 2024 K-1 Forms for Plaintiffs
  - o Westwood 2023 Audited Financials and communications
  - o Westwood 2024-25 Audited Financials
  - o LPL Account Activity Statements
  - o Text Messages between plaintiff(s) and defendant(s) regarding the fund, financials, and fees
  - o Emails between plaintiff(s) and defendant(s) regarding the fund, financials, and fees
  - o Westwood Fund ADV Form(s)
  - o Plaintiff's September 2025 Demand Letter
  - o Any agreements between LPL and Plaintiffs or Westwood and/or the termination or revocation thereof

**MUSICK, PEELER & GARRETT LLP**

5415765.1

4

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

Defendants Westwood and Puryear identify the following key documents believed to be in possession of the Plaintiffs:

- o Correspondence between the Plaintiffs regarding Michael Puryear and Westwood Alpha Opportunity Fund
- o Correspondence by Plaintiffs regarding due diligence before investing in Westwood Alpha Opportunity Fund
- o Documents relating to alternative investment history

Defendant LPL identifies the following documents:

- o Registered Investment Advisor/Independent Financial Advisor Master Services Agreement
- Corporate parties – all subsidiaries, parents, and affiliates
  - o Westwood Alpha Opportunity Fund, LP: None

Westwood Wealth Management: None

**5.      Discovery.**

a.      *Status of Discovery.*

Discovery has not yet started as the Defendants have not yet filed their responsive pleadings.

b.      *Discovery Plan.*

Plaintiffs' proposed subjects for discovery: Defendants' investment advisory activities, account management practices, communications with Plaintiffs, representations made to Plaintiffs, Defendants' regulatory history, the performance of the Fund, Fund's disclosures and financial statements, the disposition of all positions and monies held by the Fund, the Fund's accounting records, Defendant LPL's advisory fee, and the relationship between Defendant Puryear and LPL.

Westwood/Puryear's proposed subjects:  the alleged misrepresentations that form the basis of Plaintiffs' claims for fraud; Plaintiffs' investment experience, net

worth[1], and accredited investor qualifications; Plaintiffs' review of offering memorandum, limited partnership agreement, subscription agreement, and pitch deck; delivery of Fund account statements and financials by Fund service providers to Plaintiffs; communications between Plaintiffs and Defendants; communications from Fund service providers to Defendants; performance of contractual duties by Fund service providers; whether Plaintiffs would have redeemed their investments in the Fund; whether Plaintiffs communicated with other investors, brokers, or advisors about the Fund

Rowen's proposed subjects[2]: The alleged misrepresentations that form the basis of Plaintiffs' claims for fraud; the basis of Plaintiffs' allegations that Rowen owed them a fiduciary duty and/or a duty of disclosure; communications between Rowen and the other Parties; communications between the Parties and the fund's auditors and plan administrators; and Rowen's roles and responsibilities, if any, with respect to Westwood Alpha Opportunity Fund, LP and Westwood Wealth Management.

LPL Financial's proposed subjects: LPL's minimal relationship with Plaintiffs, LPL's custodial-only relationship with Westwood, the individual Defendants' lack of registration with LPL as representatives *or* investment advisors, communications between LPL and the other Defendants and Plaintiffs, the nominal duties of an investment-advisor-custodian versus those of an SEC-registered investment advisor.

**Fact Discovery Cutoff:** All parties agree that the trial date should be April 30, 2027.

[1] Plaintiffs' position: Plaintiffs object to discovery of their net worth on the grounds that it is irrelevant to the subject matter of this case and intrudes upon their right to privacy.

[2] Counsel for Rowen was retained just over one week ago and is still gathering the relevant facts and documents and analyzing the pertinent legal issues. Accordingly, Rowen reserves the right to seek discovery on further topics in addition to those identified above at this early stage.

MUSICK, PEELER
& GARRETT LLP

5415765.1

6

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

**Interrogatories:** All parties agree that no modification of the default 25-interogatry limit under Fed. R. Civ. P. 33 is necessary.

**Requests for Production:** All parties agree that no modification or limits to Fed. R. Civ. P. 34 is necessary.

**Requests for Admission:** All parties agree that no limits or modification to Fed. R. Civ. P. 36 is necessary.

**Depositions:**

All parties agree that no limits or modification to the 10 deposition limit per side under Fed. R. Civ. P. 30(a)(2) is necessary. The parties agree that each deposition shall be limited to 7 hours on the record, absent good cause for a longer period.

**Electronically Stored Information (ESI)**

1. **General Agreement:** The parties have conferred regarding the preservation, collection, and production of electronically stored information pursuant to Fed. R. Civ. P. 26(f)(3)(C). The parties are negotiating regarding a formal ESI protocol and anticipate filing a stipulated ESI protocol.

2. **Custodians:** The parties are meeting and conferring regarding an agreed custodian list.

3. **Search Terms:** The parties are meeting and conferring regarding the methodology for search terms.

4. **Format of Production:** All parties agree that documents will be produced in TIFF or .pdf format with load files, native format for certain document types, Excel), and metadata fields to be produced.

5. **Sources Not Reasonably Accessible:** The parties are meeting and conferring as to where there are any documents not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B), such as legacy systems, backup tapes, or archived data.

MUSICK, PEELER
& GARRETT LLP

5415765.1

7

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

Presently, the parties do not anticipate that there will be any non-accessible data.

6. **Preservation Obligations:** Each party represents that it has taken reasonable steps to preserve relevant ESI in its possession, custody, or control.

**Claims of Privilege and Work Product**

1. **Privilege Log:** The parties agree that category-based privileged logging per Fed. R. Civ. P. 26(b)(5) produced within 30 days of substantial completion of productions will be sufficient.  Litigation related communications with trial counsel will not need to be logged.

2. **Clawback Agreement / Fed. R. Evid. 502(d) Order:** The parties do not agree to seek entry of a Fed. R. Evid. 502(d) order to govern inadvertent disclosures of privileged material at this time.  The parties agree that the Fred R. Evid 502(a) and (b) and Fed. R. Of Civil Procedure 26(b)(5)(B) will be sufficient.

3. **Protective Order re Confidentiality:** The have agreed to a Stipulated Protective Order regarding the disclosure of confidential materials.

6. **Legal Issues.**

Plaintiffs contend the following legal issues must be decided in this matter:

Whether Defendants Puryear, Rowen, Westwood Wealth Management, and Westwood Opportunity Fund LP violated Federal securities fraud under Section 10(b) and Rule 10b-5 based on alleged material misrepresentations and omissions in connection with the sale of fund interests. [DRAFT Comp...4620440.8) | Word]

Whether Defendants Puryear, Rowen, Westwood Wealth Management, and Westwood Opportunity Fund LP fraudulently misrepresented and/or fraudulently concealed information about strategy, performance, and risk, of the Fund.

Whether Defendants Westwood Wealth Management and Westwood

**MUSICK, PEELER & GARRETT LLP**

5415765.1

8

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

Opportunity Fund LP breached their contract with Plaintiffs based on failure to provide audited financial statements and other disclosures required under the limited partnership agreement.

Whether Defendants Puryear, Rowen, and Westwood Wealth Management breached their fiduciary duties to Plaintiffs based on alleged reckless investment strategy, conflicts of interest, and intentional concealment of losses.

Whether Defendant Westwood Wealth Management and Puryear are alter-egos.

Whether Defendant Puryear is an agent of LPL relating to the alleged unauthorized fee withdrawal and failure to safeguard client assets.

Damages theories include recovery of investment losses, disgorgement of fees, punitive damages for fraud, and equitable relief (including an accounting).

Westwood/Puryear contend the following legal issues must be decided in this matter:

Whether the claims for fraudulent misrepresentation and fraudulent concealment against Westwood meet Fed. R. Civ. P. 9(b)'s heightened pleading standard;

Whether Plaintiffs' section 10(b) claim against Westwood and Puryear can satisfy the PSLRA's heightened pleading standard;

Whether Plaintiffs can establish the requisite elements of their fraud claims against Westwood and Puryear, including materiality, justifiable reliance, and scienter;

Whether the safe harbor for forward-looking statements under the PSLRA applies to Plaintiffs' section 10(b) claim against Westwood and Puryear;

Whether Plaintiffs can establish the loss causation element of any claim against Westwood and Puryear;

Whether the business judgment rule applies to any claim against Westwood

and Puryear;

Whether the exculpation provision in the Fund's limited partnership agreement bars any claim against Westwood and Puryear.

Whether Plaintiffs can establish they suffered any damages as a result of Westwood or Puryear's conduct

Rowen contends the following legal issues must be decided in this matter:

Whether the claims for fraudulent misrepresentation and fraudulent concealment against Rowen meet Fed. R. Civ. P. 9(b)'s heightened pleading standard;

Whether Plaintiffs' section 10(b) claim against Rowen can satisfy the PSLRA's heightened pleading standard;

Whether Plaintiffs can establish the requisite elements of their fraud claims against Rowen, including materiality, justifiable reliance, and scienter;

Whether the safe harbor for forward-looking statements under the PSLRA applies to Plaintiffs' section 10(b) claim against Rowen;

Whether Plaintiffs can establish the loss causation element of their section 10(b) claim against Rowen;

Whether Plaintiffs can establish that Rowen owed them an affirmative duty of disclosure;

Whether Plaintiffs can establish that Rowen owed them a fiduciary duty;

Whether Rowen can be held personally liable for the conduct of other parties;

Whether the business judgment rule applies to the claim against Rowen; and

Whether Plaintiffs can establish they suffered any damages as a result of Rowen's conduct.

LPL contends the following legal issues must be decided in this matter:

Whether a custodian has the same duties as an investment advisor.

What, if any, duties LPL had to the Plaintiffs.

**7.    Initial Disclosures.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the Parties propose exchanging Initial Disclosures on July 24, 2026, which is the same date the Court has set for Defendants to file their initial responses to the Complaint.

**8.    Motions.**

a.    *Procedural Motions.*

Rowen expects to file a motion to dismiss under Rule 12(b)(6).

LPL Financial may file a petition to compel arbitration.

LPL Financial may file a motion to dismiss under Rule 12(b)

Westwood and Puryear may file a motion to dismiss under Rule 12(b)(6)

b.    *Dispositive Motions.*

Rowen may file a motion for summary judgment following the close of fact discovery on any surviving claims.

LPL may file a motion for summary judgment in this case.

Westwood and Puryear may file a motion for summary judgment following the close of fact discovery on any surviving claims.

c.    *Class-Certification Motion.*

Plaintiffs have not alleged a class-action.

**9.    Alternative Dispute Resolution (ADR).**

a.    *Prior Discussions.*

The parties have not yet had settlement discussions, but Plaintiffs and Defendants Puryear, Westwood Wealth Management, and Westwood Opportunity Fund LP have agreed to conduct an early mediation within the next 60 days are currently in the process of selecting a private mediator.

b.    *ADR Selection.*

The Parties agree to private mediation.

**10.    Trial**

a.    *Proposed Trial Date.*

The trial date is set within a prescribed period from the original due date of the initial responsive pleading.

The parties agree that this is a case of "Medium Level" complexity within the meaning of this Court's MSC Order.  Nonetheless, the parties request a trial date of September 6, 2027, which is 15 months after the filing of the complaint.  The parties agree that more than 12 months will be necessary because several of the defendants have agreed to engage in an early mediation and this Court has extended the time for all defendants to respond to this compliant by 60 days.  As a result, the proposed trial date is withing 12 of Defendants' anticipated date to respond to the complaint.

b.    *Time Estimate.*

Plaintiffs anticipate a 5 day trial with 7 witnesses and 2 experts.

c.    *Jury or Court Trial.*

Trial by Jury.

d.    *Magistrate Judge.*

The parties do not consent to a magistrate judge.

**11.    Special Requests/Other Issues**

Lead counsel for Westwood/Puryear may be unable to attend the Mandatory Scheduling Conference due to the imminent birth of his child. Another attorney of record for Westwood/Puryear would still be able to attend.

/ / /

/ / /

/ / /

MUSICK, PEELER
& GARRETT LLP

5415765.1

12

JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN

Respectfully Submitted,

DATED:  June 2, 2026          MUSICK, PEELER & GARRETT LLP

By:      /s/ Daniel J. Taylor
         Daniel J. Taylor
         Attorneys for Plaintiffs
         PAUL HUYGENS, as Trustee for the TB
         42 Trust dated 11/13/2023; and PETER
         KRAVITZ, as Trustee for the Kravitz
         Asset Protection Trust

DATED:  June 2, 2026          BIRD, MARELLA, RHOW, LINCENBERG,
                              DROOKS & NESSIM, LLP

By:      /s/ William E. Johnston
         William E. Johnston
         Attorneys for Defendants
         WESTWOOD WEALTH MANAGEMENT,
         WESTWOOD ALPHA OPPORTUNITY
         FUND LP, and MICHAEL PURYEAR

DATED:  June 2, 2026          TADJEDIN THOMAS & ENGBLOOM LAW
                              GROUP, LLP

By:      /s/ Wendy Thomas
         Wendy Thomas
         Attorneys for Defendant
         LPL FINANCIAL LLC

DATED:  June 2, 2026          KINGFISHER

By:      /s/ Nithin Kumar
         Nithin Kumar
         Attorneys for Defendant
         Craig Rowan

MUSICK, PEELER
& GARRETT LLP

5415765.1                              13
JOINT RULE 26(F) REPORT AND PROPOSED DISCOVERY PLAN